PEOPLE v DERMARTZEX

1. RAPE—ASSAULT WITH INTENT TO RAPE—EVIDENCE—PRIOR SEXUAL INTIMACIES—INDICTMENT AND INFORMATION.

   Evidence of antecedent sexual intimacies between the defendant, charged with assault with intent to commit rape, and the victim is admissible, even if they occurred before the date charged in the information, as would be the normal situation.

2. CRIMINAL LAW—OTHER OFFENSES—EVIDENCE—MOTIVE—INTENT—MISTAKE—SEXUAL OFFENSE—STATUTES.

   The general rule is that evidence tending to show the commission of other criminal offenses by the defendant is inadmissible on the issue of his guilt or innocence of the offense charged because whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence; however, the probative value of such evidence may outweigh the disadvantages where the people seek to use such evidence to show the defendant's "motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in the act in question" and the probative value outweighs the disadvantage where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense (MCLA 768.27).

3. RAPE—ASSAULT WITH INTENT TO RAPE—PRIOR SEXUAL ACTS—EVIDENCE—WITNESSES—CREDIBILITY.

   Allowing the admission of evidence of antecedent sexual acts preceding the charged inchoate crime of assault with intent to commit rape is especially justified where an inchoate offense is charged against a member of the victim's household; otherwise,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 65 Am Jur 2d, Rape § 67.
[2] 29 Am Jur 2d, Evidence § 320.
[4] 29 Am Jur 2d, Evidence § 253.
[5] 53 Am Jur, Trial §§ 615–618.
[6] 65 Am Jur 2d, Rape § 116.

the testimony of the victim concerning the seemingly isolated unsuccessful assault may well appear incredible.

4. RAPE—EVIDENCE—DISCRETION—PREJUDICE—JURY.

The trial judge in a case of assault with intent to commit rape, as whenever any evidence is offered for any purpose, enjoys the discretion of excluding relevant evidence if its probative value is outweighed by the risks of unfair prejudice, confusion of issues or misleading the jury.

5. CRIMINAL LAW—INSTRUCTIONS—EVIDENCE—OTHER CRIMES—APPEAL AND ERROR—NEW TRIAL.

If a cautionary instruction on the limited purpose for which evidence of other crimes is admissible is warranted and requested, but refused, the Michigan Supreme Court will not hesitate to reverse; but where it is not clear that the instruction would have been favorable to the defendant, the Court declines to order a new trial.

6. RAPE—ASSAULT WITH INTENT TO RAPE—EVIDENCE—OBJECTION.

Conviction of assault with intent to commit rape should be affirmed where defendant's attorney objected to the admission of the victim's clothing on the grounds that there was no proof that certain garments were the victim's or when and how they were delivered to the police which objection was overruled; the victim had adequately identified the clothing as the same clothing she wore on the date she noticed bleeding following a sexual encounter with defendant, after the objection was overruled a police woman testified that she received the clothing from a person at defendant's home address and the objection was not pursued.

Appeal from Court of Appeals, Division 1, McGregor, P. J., and Holbrook and O'Hara, JJ., affirming Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted January 4, 1973. (No. 6 January Term 1973, Docket No. 53,280-1/2.) Decided December 18, 1973.

29 Mich App 213 affirmed.

Robelto E. C. DerMartzex was convicted of assault with intent to rape. Defendant appealed to

the Court of Appeals. Affirmed. Defendant appeals.
Affirmed.

*State Appellate Defender Office* (by *Richard S. McMillin,* Assistant Defender), for defendant on appeal.

LEVIN, J. This appeal concerns the admissibility of evidence of acts tending to show the commission of a crime other than the crime charged in the information and the defendant's claim that the judge is obliged *sua sponte* to caution the jury against the misuse of such evidence.

Robelto DerMartzex was charged and convicted of assault with intent to commit rape. The Court of Appeals affirmed. 29 Mich App 213; 185 NW2d 33 (1970). We also affirm.

I

Ten-year-old Donna Klenz, a resident of Toronto, spent part of her summer vacation with Der-Martzex and his wife at their home in Detroit.

Donna testified that while accompanying Der-Martzex to Detroit, he "was touching [her] private spots." This testimony was admitted over objection that it was inadmissible because it occurred before the date of the assault charged in the information.[1]

Donna testified, without further objection, that DerMartzex further sexually mistreated her during her stay in Detroit: "He put his private spot in my, in the back of my private spot"; "He put his

[1] The trial court properly overruled this effort to exclude Donna's testimony concerning the trip from Toronto to Detroit. If evidence of antecedent sexual intimacies between the defendant and the victim is admissible, as we hold, then even if they occurred before the date charged in the information, as would be the normal situation, they are still admissible.

private spot into my front spot"; "[He kissed me] on my private spots, in the front"; "He had these movie pictures [of 'sex shows'] and he showed them to me." She added that DerMartzex's acts of physical familiarity were committed "often."

While evidence of a prior conviction of a defendant may be admissible to impeach his credibility, the general rule is that evidence tending to show the commission of other criminal offenses by the defendant is inadmissible on the issue of his guilt or innocence of the offense charged.

Evidence of other crimes is barred because it has been decided that whatever probative value such evidence has is outweighed by the disadvantage of diverting the trier of fact from an objective appraisal of the defendant's guilt or innocence. "This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts or crimes." *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969).

It also has been decided, however, that the probative value of such evidence may outweigh the disadvantages where the people seek to use such evidence to show the defendant's "motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in the act, in question." MCLA 768.27; MSA 28.1050.

Similarly, it has been held that the probative value outweighs the disadvantage where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense. The rationale of this exception to the general rule is well expressed by Mr. Justice

CHRISTIANCY in an appeal from a conviction of the offense of incest:

"[W]here a witness has testified to a fact or transaction which, standing alone and entirely unconnected with anything which led to or brought it about, would appear in any degree unnatural or improbable in itself, without reference to the facts preceding and inducing the principal transaction, and which, if proved, would render it more natural and probable; *such* previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transaction—a link in the chain of testimony, without which it would be impossible for the jury properly to appreciate the testimony in reference to such principal transaction." (Emphasis by the Court.) *People v Jenness*, 5 Mich 305, 323–324 (1858).[2]

The principal issue confronting a jury in most statutory rape cases, and particularly so where the charged offense is *attempted* statutory rape, is the credibility of the alleged victim. Limiting her testimony to the specific act charged and not allowing her to mention acts leading up to the assault

[2] Justice CHRISTIANCY explained the special relevance of the facts preceding a charged sexual offense:

"The act of sexual intercourse at the Howard House, testified to by Miss Ashcroft, and the whole transaction on that particular occasion, standing alone as an isolated transaction, without any of the previous facts which led to it, and which, in the natural order of things, usually precede such a transaction, would strike many minds as wholly unnatural and improbable in itself, and all minds as much less natural or probable than if the previous facts which led to the transaction had been stated. * * * In such a case, therefore, we think all the previous familiarities and intercourse between the parties, from the first approaches of seduction, if such there were, down to the transaction in question, were relevant and proper evidence, tending to throw light upon the transaction itself, explaining and rendering more natural and probable that which, without such explanation, might appear unnatural and improbable." *People v Jenness, supra,* pp 324–325.

*Similarly, see People v Trzil*, 235 Mich 469, 472–473; 209 NW 564 (1926); *People v Abbott*, 97 Mich 484, 486–487; 56 NW 862; 37 Am St Rep 360 (1893). *Contrast People v Gengels*, 218 Mich 632, 640–641; 188 NW 398 (1922).

would seriously undermine her credibility in the eyes of the jury. Common experience indicates that sexual intercourse and attempts thereat are most frequently the culmination of prior acts of sexual intimacy.

DerMartzex was charged not with statutory rape, but with the inchoate crime of assault with intent to commit rape. Allowing the admission of evidence of antecedent sexual acts preceding the charged assault is especially justified where an inchoate offense is charged against a member of the victim's household. Otherwise the testimony of the victim concerning the seemingly isolated unsuccessful assault may well appear incredible.

We do not wish to be understood as holding that other acts of sexual intimacy between the parties is always admissible. The trial judge, here as whenever any evidence is offered for any purpose, enjoys the discretion of excluding relevant evidence if its probative value is outweighed by the risks of unfair prejudice, confusion of issues or misleading the jury.[3] In this case, the defendant did not ask the judge to exercise this discretion.

## II

DerMartzex contends that the judge, despite

---

[3] "But relevance is not always enough. There may remain the question, is its value worth what it costs?" McCormick, Evidence (2d ed), § 185, pp 438–441.

"A basic rule of evidence, universally recognized, and continually applied, is that evidence even though relevant, should be excluded if its probative value is substantially outweighed by the risk that its admission will cause undue or unfair prejudice, confusion of the issues, misleading of the jury, undue delay or waste of time, or needless presentation of cumulative evidence. The rule is usually stated in terms of trial-court discretion." 1 Jones on Evidence (6th ed), § 4.6, p 392.

*See, also,* 1 Wigmore, Evidence (3d ed), § 28, pp 408–409. *Cf. People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973).

DerMartzex's failure to object to the admission of the testimony or to request a limiting instruction, committed reversible error by failing to caution the jury on the limited purpose for which evidence of other crimes is admissible.

DerMartzex cites language in *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), as authority for his contention that the failure to give a limiting instruction is plain error requiring reversal. In *People v Chism,* 390 Mich 104, 120–121; 211 NW2d 193 (1973), we dismissed this language as dicta and held that "in the absence of request or proper objection under present Michigan case law, there is no absolute requirement that the trial judge give limiting instructions, even though such an instruction should have been given". The Court concluded: "[F]ailure to instruct in this case where there was no request for such instruction and no objection to the failure to instruct was not reversible error." In *Chism,* as here, the other crime's evidence established a prior incident involving the defendant and the victim, and in both the issue was whether the defendant was the person who committed the assault.[4]

The facts of this case demonstrate the impolicy of imposing an absolute requirement upon trial judges to offer *sua sponte* a limiting instruction. Neither Donna nor the prosecutor ever characterized or explicitly described as separate criminal offenses (gross indecency, sodomy, contributing to the delinquency of a minor) DerMartzex's alleged prior acts of sexual misconduct. Defense counsel may well have declined to request a limiting in-

---

[4] In both *Chism* and this case it was undisputed that someone had committed a crime. The victim in *Chism* had been murdered by someone who had mailed a bomb package. Donna Klenz had been sexually assaulted by some male person; a subsequent medical examination showed a residue of sperm in her genital and rectal areas.

struction because he thought it might be counter-
productive to emphasize to the jury that the prior
acts, besides establishing a chain leading up to the
charged offense, also constituted separate criminal
offenses.

If the cautionary instruction is warranted and
requested, but refused, we will not hesitate to
reverse.[5] But where it is not clear that the instruc-
tion would have been favorable to the defendant,
we decline to order a new trial.

## III

DerMartzex also challenges the at-trial identifi-
cation of certain clothing as Donna's. DerMartzex
argues for the first time in this Court that the
clothing was improperly admitted because there
was no showing by the prosecution of a continuous
chain of custody of the evidence until it was
offered.

At the trial, DerMartzex's lawyer objected to the
admission of the clothing on the grounds that that
was no proof "that these are the pants" or "when"

---

[5] In *Jenness* it was held that the judge committed reversible error
in refusing Jenness's *requested instructions* that "although the prose-
cution was not required to prove the offense to have been committed
on the day alleged in the information * * * the prosecution having
opened its evidence by testimony tending to prove that an act of
incestuous fornication was committed by the defendant with Delia E.
Ashcroft, named in the information, on the 17th January, 1858, at
the Howard House, in the city of Detroit, Wayne county; and the
prosecution still insisting that such act has been proven, and that the
defendant is liable to be found guilty for such act, that this must be
taken to be the offense charged in the information, and is the only
one which can be submitted to the jury for their verdict, and that the
jury can render their verdict only upon such charge." *People v
Jenness, supra,* p 310.

The judge had charged that it was within the jury's province to
select the "offense charged" from among the numerous acts of inter-
course spanning six years and to convict him of the act thus selected.
"The jury can not be thus sent fishing for the charge which they are
to find." *People v Jenness, supra,* p 329.

or "how" they were delivered to the police. The objection was overruled.

Donna had adequately identified the clothing as the same clothing she wore on the date she noticed bleeding following a sexual encounter with Der-Martzex. After the objection was overruled a policewoman testified that she received the clothing on July 19, 1968 from a Mrs. Evelyn Bailey at DerMartzex's home address. The objection was not pursued.

Affirmed.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred with LEVIN, J.