PEOPLE v JONES

Docket No. 68026. Decided June 27, 1983. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the decisions of the Court of Appeals and the trial court and remanded the case to the trial court for a new trial.

Ponce de Leon Jones was convicted by a jury in the Recorder's Court of Detroit, Clarice Jobes, J., of first-degree criminal sexual conduct. The Court of Appeals, D. F. Walsh, P.J., and D. C. Riley and Kuhn, JJ., affirmed in an unpublished opinion per curiam (Docket No. 45954). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Prior sexual acts between a defendant charged with first-degree criminal sexual conduct and persons of the same household other than the victim are not part of the principal transaction necessary for the jury to weigh the victim's testimony and may not be admitted into evidence.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence* for the defendant.

PER CURIAM. In *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), we held that evidence of a sexual act between the defendant and the victim preceding the one charged was admissible when the defendant is a member of the victim's household. The Court of Appeals has extended *DerMartzex* in this case and in *People v Hammer,* 98

Mich App 471; 296 NW2d 283 (1980), to an ante-
cedent sexual act between the defendant and a
person other than the victim who is also a member
of the victim's household. We are unable to concur
in this extension.

I

The defendant was charged with first-degree
criminal sexual conduct. MCL 750.520b(1)(b); MSA
28.788(2)(1)(b). The victim was the defendant's 15-
year-old stepdaughter. She testified that she and
the defendant had engaged in sexual intercourse
on December 5, 1978, and at several other times. A
sister testified to acts of sexual intercourse be-
tween her and the defendant covering an extended
period. The defendant's natural daughter testified
that the defendant had tried to French kiss her
and had fondled her breasts. All three were mem-
bers of the same household at the time of the
sexual activity. The prosecutor's theory, as out-
lined in his opening statement, was that as each of
the stepdaughters reached puberty, the defendant
initiated regular sexual relations with them.

The defendant denied any sexual involvement
with the three girls. The jury convicted him as
charged, and he was sentenced to life imprison-
ment. The Court of Appeals affirmed in an unpub-
lished opinion per curiam of July 9, 1981.

II

A

In *DerMartzex, supra,* the defendant was
charged with assault with intent to rape a ten-
year-old female child living in his household. The
trial court allowed the child to testify as to other

acts of sexual misconduct perpetrated on her by the defendant. The defendant appealed, and we affirmed. We established an exception to the general rule that acts of misconduct should not be admitted because common experience indicates that sexual intercourse or attempts at sexual intercourse are frequently the result of prior acts of sexual intimacy and that the testimony was proper for the purpose of corroboration:

"[T]he probative value outweighs the disadvantage where the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense." 390 Mich 413.

In *Hammer, supra,* the defendant was convicted of criminal sexual conduct in the first degree for inserting an artificial penis into his 15-year-old daughter on January 7, 1978. The victim also testified that her father had been sexually abusing her since she was five or six years old. The defendant's three other daughters testified that he had also engaged in sexual misconduct with them on several occasions. The Court of Appeals rejected the defendant's contention that it was reversible error for the trial judge to admit the testimony of prior sexual abuse of the three sisters:

"Again, we emphasize that the principal issue confronting the jury was the credibility of Rhonda Hammer. If her sisters were prohibited from testifying as to sexual assaults against them, Rhonda's credibility would have been undermined. The jury might well have asked the question, Why would the defendant engage in such conduct toward only one of four daughters? To prevent such an erroneous question from reaching the jury's consideration, we hold that under the facts of the instant case the testimony of the complainant's sisters

was properly admitted to corroborate and lend credence to the complainant's testimony. See *People v Fritts*, 72 Cal App 3d 319; 140 Cal Rptr 94 (1977), and *State v Sutton*, 4 NC App 664; 167 SE2d 499 (1969). This holding is particularly appropriate when one notes that the defendant denied the sexual assault in question or any prior sexual assaults had taken place, thereby implicitly charging the complainant with fabricating the evidence against him." 98 Mich App 476.

The Court of Appeals in this case relied on *DerMartzex* and *Hammer.*

### B

Our decision in *DerMartzex* was premised on our earlier one in *People v Jenness*, 5 Mich 305, 323-324 (1858), in which the witness had testified to previous acts of sexual intercourse between her and the defendant:

"In any case, where a witness has testified to a fact or transaction which, standing alone and entirely unconnected with anything which led to or brought it about, would appear in any degree unnatural or improbable in itself, without reference to the facts preceding and inducing the principal transaction, and which, if proved, would render it more natural and probable; *such* previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transaction—a link in the chain of testimony, without which it would be impossible for the jury properly to appreciate the testimony in reference to such principal transaction. And such previous facts should therefore be elicited by the examination of the party producing the witness. Any other rule, in such a case, would be grossly unfair towards the witness; render a trial a process for suppressing, rather than eliciting, the truth, and defeat the very objects for which courts of justice are instituted.

"In the order of nature, facts do not occur single and independent—isolated from all others—but each is connected with some antecedent fact, or combination of facts, from which the fact in question follows as an

effect from a cause. Torn from this necessary connection, and exhibited alone, many real occurrences would appear under the guise of falsehood, and truth itself would be made to lie.

"To permit the evidence, therefore, of an isolated transaction, which could only be made to appear probable by exhibiting the antecedent facts which induced it, and yet to exclude from the investigation all such antecedent facts, would be to set at defiance the order of nature, and the laws of truth which God has stamped upon the human mind."

In *People v Coston,* 187 Mich 538, 546; 153 NW 831 (1915), however, we rejected as "untenable" the argument that the complainant's sister could testify to an act of sexual intercourse between her and the defendant. In *People v Dean,* 253 Mich 434, 435; 235 NW 211 (1931), we distinguished between "previous acts of misconduct between the same parties" and the defendant's similar acts with others. We believe this distinction is sound. The rationale for the *Jenness* exception was that the prior sexual acts between the victim and the defendant were a part of the "principal transaction" necessary for the jury to weigh the victim's testimony about the principal transaction. That was our reasoning in *DerMartzex* as well:

"The principal issue confronting a jury in most statutory rape cases, and particularly so where the charged offense is *attempted* statutory rape, is the credibility of the alleged victim. Limiting her testimony to the specific act charged and not allowing her to mention acts leading up to the assault would seriously undermine her credibility in the eyes of the jury. Common experience indicates that sexual intercourse and attempts thereat are most frequently the culmination of prior acts of sexual intimacy." 390 Mich 414-415.

Prior sexual acts between the defendant and persons other than the complainant are not part of

the principal transaction.[1] Accordingly, the trial court erred in permitting this testimony to be given.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the defendant's conviction and remand the case to the Recorder's Court of the City of Detroit for a new trial.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

[1] We recognize that there may be some circumstances when prior sexual acts between the defendant and others might be admissible under a similar acts analysis. See, *e.g., People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). The prosecutor did not seek to base admission of the testimony on this ground, however, in this case, even though there may exist a basis for admitting the testimony of the complainant's sister on this ground.