PEOPLE v WRIGHT

Docket No. 91148. Submitted May 4, 1987, at Houghton. Decided July 20, 1987.

On November 20, 1984, an information was filed which charged John K. Wright with having engaged in acts constituting first-degree criminal sexual conduct with his niece on April 14, 1979. Defendant moved to dismiss the information on the basis of the running of the limitation period, claiming that the physical characteristics of the house described by the complainant as the situs of the criminal act corresponded to the condition of the house in the period from 1973 to 1975. The Benzie Circuit Court, James M. Batzer, J., ruled that, since there was a factual dispute as to when the alleged events took place, the jury would have to resolve the factual dispute. Defendant was thereafter convicted by a jury of first-degree criminal sexual conduct. Defendant appealed.

The Court of Appeals *held:*

1. Since there was an unresolved factual dispute as to when the alleged criminal act occurred, the trial court properly refused to treat the question of whether the limitation period had run as one of law which the court must decide and properly left the resolution of that question to the jury.

2. The trial court did not abuse its discretion by permitting the complainant to testify as to similar acts of sexual misconduct committed by the defendant on her prior to the charged offense.

3. The trial court did not abuse its discretion in denying defendant's motion for mistrial on the basis that the complainant testified that she came forward with the charges against defendant after a number of years when she found out that

REFERENCES

Am Jur 2d, Criminal Law §§ 223 *et seq.*

Am Jur 2d, Limitation of Actions §§ 431 *et seq.*; 487, 488.

Am Jur 2d, Rape §§ 53 *et seq.*

Finding or return of indictment, or filing of information, as tolling limitation period. 18 ALR4th 1202.

Admissibility, in incest prosecution, of evidence of alleged victim's prior sexual acts with persons other than accused. 97 ALR3d 967.

defendant had been victimizing complainant's sister. That testimony was relevant in that it helped to explain why the complainant decided to bring charges after such a long delay. The potential for prejudice of that testimony did not substantially outweigh the relevance of the testimony.

4. Error mandating reversal did not result from the prosecution's closing argument concerning defendant's failure to present evidence to contradict the complainant's testimony.

Affirmed.

1. CRIMINAL LAW — LIMITATION OF ACTIONS — JURY QUESTIONS.

A trial court may properly submit to a jury the question of whether criminal sexual conduct charges were brought within six years after the commission of the offense where there exists a factual dispute as to the date the charged offense was committed; accordingly, it is not error under those circumstances for a trial court to refuse to rule as a matter of law on whether the period of limitation has run (MCL 767.24; MSA 28.964).

2. RAPE — EVIDENCE — CRIMINAL SEXUAL CONDUCT — SIMILAR ACTS TESTIMONY.

It is not an abuse of discretion for a trial court to permit a complainant in a criminal sexual conduct trial to testify as to sexual assaults made by the defendant on her prior to the commission of the charged offense where the complainant was a minor at the time of the alleged commission of the charged offense and the defendant was complainant's uncle and where the trial court instructs the jury as to the limited purpose for which such testimony may be used.

3. RAPE — EVIDENCE — CRIMINAL SEXUAL CONDUCT — SIMILAR ACTS TESTIMONY.

It is not an abuse of discretion for a trial court to permit a complainant in a criminal sexual conduct trial to testify that the reason that she reported the defendant's sexual assault upon her some time after the date of the assault was because she had become aware that the defendant had also been victimizing complainant's sister where the jury is instructed as to the limited purpose for which such testimony may be used.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *O. Paul Schendel,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*James M. Hunt,* for defendant.

Before: J. H. Gillis, P.J., and Sullivan and
M. J. Talbot,* JJ.

Per Curiam. Following a jury trial, defendant
was convicted of first-degree criminal sexual con-
duct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). He
was sentenced to a prison term of from five to
twenty years, and now appeals as of right.

The charges arose out of the alleged rape of
defendant's then fifteen-year-old niece on April 14,
1979, while her family was visiting defendant's
family at defendant's home on Crystal Lake. The
complainant testified that, after family members
gathered to watch home movies, she went to the
refrigerator in the garage to get a soda. Defendant
followed her and closed the door behind him. As
the complainant tried to walk around defendant
and return into the house, defendant grabbed her,
pushed her to her knees, and forced her to per-
form oral sex on him.

The first issue is one of first impression in this
state: Does the trial court err in submitting the
question of whether the offense occurred within
the limitation period to the jury when the facts
regarding the date of the charged offense are in
material dispute? We answer this question in the
negative.

An indictment for first-degree criminal sexual
conduct must be filed within six years after the
commission of the offense. MCL 767.24; MSA
28.964. In the present case, the information was
filed on November 20, 1984. However, the evidence
is in dispute as to when, if at all, the offense
occurred.

On April 18, 1985, a hearing was conducted to
address defendant's pretrial motion to dismiss the

* Recorder's Court judge, sitting on the Court of Appeals by assign-
ment.

information based on the running of the limitation period. Whereas it was the prosecution's theory that the offense was committed on the stated date, five years and seven months before the filing of the charges,[1] defendant was prepared to present witnesses to testify that the physical characteristics of the home as described by complainant corresponded to the home's condition in 1973 to 1975, a time period well outside the six-year period. Although defendant argued that the question of the running of the limitation period was one of law, the trial court ruled that the factual dispute had to be resolved by the jury. The court affirmed this ruling at trial by denying defendant's motion for directed verdict. We agree.

Questions of law in criminal cases are, of course, for the determination of the court, whereas questions of fact are for the jury. See e.g., *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975). Otherwise stated, the resolution of conflicts in the evidence is a matter lying within the province of the jury. *People v Blackwell,* 61 Mich App 236, 242; 232 NW2d 368 (1975).

Although, as indicated, no Michigan case law directly addresses the propriety of submitting to the jury the timing question presented here, one case exists which supports the proposition that factual disputes arising under MCL 767.24; MSA 28.964 are properly preserved for the jury. In *People v Price,* 74 Mich 37; 41 NW 853 (1889), our Supreme Court applied the provision of the statute which allowed tolling of the limitation period for any period during which the defendant "was not usually and publicly a resident within this State

---

[1] The complainant verified the date of the offense at trial by reference to her personal calendar, on which she noted daily events. Likewise, her parents confirmed that the family had visited defendant's household on the stated date.

. . . .">[2] In reversing a criminal conviction on other grounds, the Court held that, on remand, the question whether there was any time during the limitation period during which defendant was not usually and publicly a resident within the state was one of fact for the jury where there was some evidence that defendant spent an amount of time out of the state. 74 Mich 44.

Defendant, however, argues that the existence of a factual dispute should not be dispositive of whether the question is one which should be addressed by the jury. In support, he suggests that motions to suppress and issues concerning the voluntariness of confessions are decided as a matter of law, notwithstanding a conflict in the underlying facts. We are not persuaded. In these latter instances, the court is concerned with the admissibility of evidence, which it is to decide as a matter of law. MRE 104. *People v Vega,* 413 Mich 773, 778; 321 NW2d 675 (1982). We instead liken the statute of limitations issue to the question of venue in criminal proceedings, which, although likewise bearing on the jurisdiction of the trial court, is one of fact for the jury. See e.g., *People v Belanger,* 120 Mich App 752, 757; 327 NW2d 554 (1982); *People v Ragland,* 14 Mich App 425, 427; 165 NW2d 639 (1968).

Consequently, we conclude that the trial court did not err in denying the motion to dismiss and in refusing to rule as a matter of law on the period of limitation issue. As the facts were in material dispute, the issue was properly one for the jury to decide.[3]

---

[2] How Stat § 9507.

[3] The denial of defendant's motion for directed verdict was likewise proper. Viewed in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Marks,* 155 Mich App 203, 219; 399 NW2d 469 (1986).

Defendant next argues that the trial court abused its discretion in admitting complainant's testimony that he had committed two prior sexual assaults against her. He urges that the evidence was inadmissible similar acts testimony under MRE 404(b) because there was no special quality or circumstance linking the charged offense with the prior offense and that the evidence concerning the prior sexual assaults was injected merely to induce prejudice against the defendant.

In admitting this evidence, the court properly weighed its probative value against the risk of unfair prejudice and concluded that, without the evidence, the complainant's description of the charged offense appeared somewhat improbable. *People v Jenness,* 5 Mich 305, 323-324 (1858). Indeed, "the probative value [of similar acts evidence] outweighs the disadvantage where the crime charged is a sexual offense and the other acts tend to show a familiarity between the defendant and the person with whom he allegedly committed the charged offense." *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973). Particularly in cases of statutory rape, limiting the victim's testimony to a description of the charged offense, without reference to any related prior acts, presents a danger of undermining the victim's credibility in the eyes of the jury. 390 Mich 414-415. "Common experience indicates that sexual intercourse and attempts thereat are most frequently the culmination of prior acts of sexual intimacy." 390 Mich 415.

Under the facts of this case, even though the prior sexual misconduct occurred a number of years prior to the charged offense, the evidence was highly relevant in the jury's weighing of the complainant's testimony. Moreover, a limiting instruction was given to the jury to lessen the poten-

tial prejudice to defendant. We find no abuse of discretion in the admission of the evidence.

Nor do we find an abuse of discretion in the denial of defendant's motion for mistrial which was based on the admission of complainant's testimony that she finally came forward with the charges against the defendant a number of years after the sexual attack took place "when [she] found out that he had been victimizing [her] sister." To overturn a denial of a mistrial motion based on the improper admission of evidence, an appellate court must find that the defendant was deprived of a fair trial resulting in a miscarriage of justice. *People v Robertson,* 87 Mich App 109, 111-112; 273 NW2d 501 (1978); *People v Ritholz,* 359 Mich 539, 559; 103 NW2d 481 (1960), cert den sub nom *Ritholz v Michigan,* 364 US 912; 81 S Ct 275; 5 L Ed 2d 226 (1960).

The statement was not admitted to prove defendant's character or propensity to act in conformance with the misbehavior, as is generally prohibited by MRE 404(b), nor was it admitted for the jury's consideration as part of the principal transaction. Cf., *People v Jones,* 417 Mich 285; 335 NW2d 465 (1983). Rather, the statement was admitted to explain the delayed manner in which complainant finally came forward against defendant.[4] In this case, where defendant's strategy, in part, was to generally attack the credibility of the complainant, the trial court correctly noted that the reason for the delay would inherently be questioned by the jury and, consequently, her motive

---

[4] The language of MRE 404(b) implies that evidence of other bad acts may be admitted for purposes other than to prove the character of the defendant. Additionally, the list of possible purposes for admission contained in the rule is illustrative, not exhaustive. *People v Cramer,* 97 Mich App 148; 293 NW2d 744 (1980), lv den 411 Mich 862 (1981).

in finally ending her silence "is something that begs explanation." See e.g., *People v Watts*, 145 Mich App 760, 763-764; 378 NW2d 787 (1985), lv den 424 Mich 889 (1986).

Moreover, we are not persuaded that the potential for prejudice substantially outweighed this relevancy so as to deprive defendant of a fair trial. The jury had already properly received evidence of defendant's prior sexual misconduct with the complainant and had been given a cautionary instruction prior to deliberations concerning all the evidence of prior bad acts admitted against defendant. As the nature of the evidence was thus not so inflammatory, the lower court did not abuse its discretion in denying the motion for mistrial.

Finally, defendant objects to the prosecutor's comment in his closing argument concerning defendant's failure to present evidence to contradict the complainant's testimony. We find no error. *People v Heath*, 80 Mich App 185; 263 NW2d 58 (1977).

Affirmed.