PEOPLE v DREYER

Docket No. 105299. Submitted April 13, 1989, at Detroit. Decided
June 20, 1989. Leave to appeal applied for.

Eric Dreyer was convicted of first-degree criminal sexual conduct
following a jury trial in Recorder's Court of Detroit, Vera
Massey Jones, J. The charged offense took place between defen-
dant and the victim, his minor stepdaughter, in their home in
November, 1986. At trial the complainant was permitted to
testify as to two instances in February, 1987, in which defen-
dant took her to a motel and forced her to engage in sexual
intercourse with him. Defendant appealed.

The Court of Appeals *held:*

1. The adoption of the Michigan Rules of Evidence did not
affect the viability of the rule permitting the use of evidence of
similar sexual assaults by the defendant against the victim
where the victim and the defendant are members of the same
household.

2. Since the purpose of that rule was to buttress the credibil-
ity of the complainant under circumstances in which testimony
as to a single isolated act might seem incredible, it does not
matter for purposes of application of the rule whether the
charged act is preceded by the similar acts or, as here, the
charged act precedes the similar acts.

3. It is the nature of the relationship, i.e. the defendant and
victim being members of the same household, not the location
where the acts took place, that is the touchstone of the applica-
bility of the rule.

Affirmed.

RAPE — SUBSEQUENT SEXUAL ACTS — EVIDENCE — WITNESSES —
CREDIBILITY.

It is not an abuse of discretion for a trial court in a criminal
sexual conduct case in which the defendant is the stepfather of
the minor victim to permit evidence that the defendant forced

REFERENCES

Am Jur 2d, Rape §§ 70-75.

Admissibility, in prosecution for sexual offense, of evidence of other
similar offenses. 77 ALR2d 841.

the victim to engage in acts of sexual intercourse with him on occasions subsequent to the date of the charged offense, since evidence of sexual assaults other than the charged offense by the defendant upon the victim, whether preceding or following the charged offense, renders the victim's testimony about the charged act more credible; it is the fact that the defendant and the victim are members of the same household, not whether the sexual assaults took place in the house, that justifies the use of evidence of other similar acts involving the defendant and the victim.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan*), for defendant on appeal.

Before: MACKENZIE, P.J., and HOOD and BRENNAN, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b), and was sentenced to a prison term of from five to fifteen years. Defendant appeals as of right and we affirm.

Defendant first argues that the trial court committed error mandating reversal by admitting into evidence complainant's testimony regarding subsequent acts of sexual abuse committed by defendant upon her. Defendant contends that the *Jenness-DerMartzex* [*People v Jenness,* 5 Mich 305 (1858); *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973)] exception did not survive the adoption of the Michigan Rules of Evidence. Defendant alternatively contends that, if the exception did sur-

vive, the trial court erred by extending it to evidence of alleged subsequent acts of sexual abuse.

The fourteen-year-old complainant testified at trial that in November, 1986, defendant, her stepfather, forced her to have anal sex in the basement of their house. Defendant ordered complainant to pull her pants down and to bend over a step ladder. Defendant then inserted his penis in her rectum.

Complainant then testified over defendant's objection that on two occasions after that, in February, 1987, defendant took her to a motel and forced her to engage in sexual intercourse with him. On both occasions, defendant penetrated complainant's vagina with his penis.

Defendant was charged with and convicted of the November, 1986, incident.

The admissibility of evidence rests within the sound discretion of the trial court and the exercise of that discretion will not be overturned on appeal unless there has been a clear abuse of that discretion. *People v Johnson,* 174 Mich App 108, 112; 435 NW2d 465 (1989). We hold that the trial court did not abuse its discretion by admitting into evidence complainant's testimony regarding acts of sexual abuse committed by defendant upon her that occurred subsequent to the act for which defendant was charged.

The *Jenness-DerMartzex* exception survived the adoption of the Michigan Rules of Evidence. This Court has utilized the exception in cases decided after the rules of evidence took effect. See *People v Skinner,* 153 Mich App 815, 823; 396 NW2d 548 (1986); *People v Garvie,* 148 Mich App 444, 450; 384 NW2d 796 (1986), lv den 426 Mich 851 (1986). Furthermore, we note that the Supreme Court in *People v Jones,* 417 Mich 285; 335 NW2d 465 (1983), declined to extend the *Jenness-DerMartzex*

exception to evidence of prior sexual acts between the defendant and persons other than complainant. We have no doubt about the continued vitality of the exception.

We do not believe that the trial court erred by admitting into evidence complainant's testimony regarding subsequent acts of sexual abuse committed by defendant. The rationale behind the *Jenness-DerMartzex* exception is that prior sexual acts between the defendant and the victim are a part of the principal transaction necessary to weigh the victim's testimony regarding the principal transaction. *DerMartzex, supra,* pp 413-415. The admission of the subsequent-act testimony in this case was consistent with that rationale. In the *Jenness* and *DerMartzex* cases, it was the incredibility inherent in a seemingly isolated act of sexual misconduct within a household that prompted the courts to admit the evidence of prior misconduct. The same is true of subsequent acts because they are part of the pattern of abuse. The offense charged need not always be based on the last incident of sexual misconduct. When, as here, it is not, the victim's credibility is still subject to being undermined by the isolated appearance of the charged offense. Although the subsequent acts of sexual abuse occurred away from home, it was the stepfather-stepdaughter relationship that gave defendant the authority and opportunity to take complainant out of the house to avoid discovery. Therefore, the trial court properly applied *DerMartzex* in admitting complainant's testimony concerning the subsequent acts of misconduct.

Defendant also argues that he was denied a fair trial and his right to confront witnesses due to the prosecutor's improper injection of facts not in evidence into his closing argument. We disagree. Defendant raised a timely objection to the chal-

lenged remark, which was sustained by the trial court. The jury was instructed to disregard the challenged remark. At the close of trial, the jury was instructed on the proper consideration to be afforded the closing arguments of the attorneys. Under these circumstances, defendant was not denied a fair trial or his right to cross examine witnesses against him.

Affirmed.