PEOPLE v PUROLL

Docket No. 133335. Submitted March 3, 1992, at Grand Rapids.
Decided July 20, 1992, at 10:00 A.M.

Walter L. Puroll was convicted by a jury in the Antrim Circuit
Court, Charles M. Forester, J., of second-degree criminal sexual
conduct. The defendant appealed, claiming error in the admission of testimony concerning a subsequent alleged act of sexual
conduct between him and the victim, members of the same
household, and in the court's failure to give a limiting instruction with respect to that testimony.

The Court of Appeals *held:*

Evidence of subsequent similar sexual assaults by a defendant against a victim is admissible where the defendant and
the victim are members of the same household. The question
whether a limiting instruction should have been given was not
preserved for appellate review.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that the subsequent
act alleged by the victim does not qualify as a second uncharged act of sexual abuse and that, accordingly, the repeated
references to it by the prosecution was error requiring reversal.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Charles H. Koop,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*Gregory G. Justis,* for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY
and R. B. BURNS,* JJ.

R. B. BURNS, J. Following a jury trial, defendant
was convicted of second-degree criminal sexual

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

conduct involving a member of his household. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). On September 10, 1990, defendant was sentenced to 2½ to 15 years' imprisonment and now appeals as of right. We affirm.

Defendant first argues that the trial court erred in admitting the victim's testimony regarding a subsequent sexual act between defendant and the victim. We disagree. *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973); *People v Dreyer,* 177 Mich App 735; 442 NW2d 764 (1989). Further, MRE 404(b) specifically provides for the admission of evidence of other crimes, wrongs, or acts that occurred after the conduct at issue in the case. Contrast, however, FRE 404, which does not contain language specifically allowing for the admission of evidence of subsequent acts.

Defendant next argues that the trial court erred in failing to give the jury a limiting instruction regarding the evidence of the subsequent sexual act between defendant and the victim. However, defendant failed to request such a limiting instruction and failed to object to the jury instructions as given. Therefore, this issue is not preserved for appellate review. *People v Livery Clark,* 172 Mich App 407, 417; 432 NW2d 726 (1988).

Affirmed.

DOCTOROFF, C.J., concurred.

MICHAEL J. KELLY, J. *(dissenting).* I respectfully dissent.

I question the validity of the rule enunciated in *People v Dreyer,* 177 Mich App 735, 738; 442 NW2d 764 (1989), lv den 434 Mich 865 (1990),[1]

---

[1] The *Dreyer* Court refers to the *Jenness-DerMartzex* exception to the general evidentiary rule that evidence of other crimes is barred because it is more prejudicial than probative and convicts an accused

permitting a complainant's testimony regarding subsequent acts of sexual abuse where, as in this case, the acts do not qualify as similar, signature acts, on the theory that such acts "are part of the pattern of abuse." However, this is not the case to take on the validity of that rule.[2]

In this case, the subsequent act could hardly qualify as a second uncharged act of sexual abuse. This second incident occurred in a hallway and involved no sexual touching, unless we are to infer that an adult who clutches a child's arms from behind and makes posterior-anterior contact with the child is guilty of wrongful, sexually abusive, touching.

During his closing argument, the prosecuting

because he is a bad man. The foundation goes back to the "unnatural and improbable acts" explication of Mr. Justice Christiancy in *People v Jenness,* 5 Mich 305, 323-324 (1858), which is not, I submit, a proper foundation for turning the prior bad-acts rule of evidence on its head in sex crimes. We are never told why the prosecutor who has evidence of other crimes, prior or subsequent, does not charge them. There is uncertainty concerning whether prior bad acts are crimes in some cases. The "sexual intimacy" judicially noticed by Justice LEVIN in *People v DerMartzex,* 390 Mich 410, 414-415; 213 NW2d 97 (1973), probably contributed to the confusion. Justice LEVIN said:

> "Limiting [the victim's] testimony to the specific act charged and not allowing her to mention acts leading up to the assault would seriously undermine her credibility in the eyes of the jury. Common experience indicates that sexual intercourse and attempts thereat are most frequently the culmination of prior acts of sexual intimacy."

Certainly the "antecedent sexual acts" permitted in *DerMartzex* provide no foundation at all for the subsequent crimes permitted in *Dreyer.* I believe it is unfortunate that the Supreme Court denied leave in *Dreyer,* because I believe it was wrongly decided. What jury could resist convicting *Dreyer* of rape for the two subsequent uncharged motel incidents.

[2] Implications of due process occur regularly in these cases under the aegis of evidence "more probative than prejudicial." At the very least, subsequent crimes should be charged and appropriately litigated. Subsequent bad acts that do not warrant criminal charges should be excluded, at least until a meaningful reexamination of the parameters of the rule is undertaken by the Supreme Court, which has the resources to do so.

attorney repeatedly called the jury's attention to this second uncharged incident, each time describing the incident as a "sexual act."

I think the admission of the evidence of the second incident and the emphasis on its characterization as sexual abuse was error, and I cannot find it harmless.

I would reverse.