# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2016

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

151612 & (49)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

        SC: 151612
        COA: 319727
        Oakland CC: 2013-244985-FH

DETRICK DORAL LANCE,
        Defendant-Appellant.

_____/

        By order of December 11, 2015, the prosecuting attorney was directed to answer the application for leave to appeal the March 24, 2015 judgment of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE in part the judgment of the Court of Appeals, and we REMAND this case to the Oakland Circuit Court for a hearing to determine whether the defendant received ineffective assistance of counsel. *People v Ginther*, 390 Mich 436 (1973). The trial court shall determine whether the defendant's trial counsel exercised reasonable strategy in failing to seek dismissal of the criminal charges on the basis that they were barred by the six-year statute of limitations of MCL 767.24. The trial court shall consider the March 1, 2013 filing of the information to be the event that stopped the running of the statute of limitations. If the trial court determines that counsel did not exercise reasonable strategy, it must vacate the defendant's convictions. If there is a factual dispute as to whether the defendant's charges were barred by the statute of limitations, the trial court may order a new trial, at which the defendant may present a statute-of-limitations defense to the trier of fact. See *People v Price*, 74 Mich 37, 44 (1889); *People v Wright*, 161 Mich App 682, 685-686 (1987); *People v Artman*, 218 Mich App 236, 239 (1996); *People v Owen*, 251 Mich App 76, 86 (2002). The motion to supplement answer is GRANTED.



        I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2016

s1026



Clerk