*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 16, 2023

v

No. 359129
Ottawa Circuit Court
LC No. 19-043481-FC

DOUGLAS CARL RICHARDS,

        Defendant-Appellant.

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendant appeals following his jury convictions of two counts of first-degree criminal sexual conduct (CSC-I) under MCL 750.520b(1)(b) (at least 13 but less than 16 years of age and actor is member of the same household); two counts of second-degree criminal sexual conduct (CSC-II) under MCL 750.520c(1)(a) and MCL 750.520c(2)(b) (less than 13 years of age); and one count of CSC-II under MCL 750.520c(1)(b) (at least 13 but less than 16 years of age and actor is member of the same household). The sole issue defendant raises on appeal is ineffective assistance of counsel. Finding no error requiring reversal, we affirm defendant's convictions.

## I. RELEVANT FACTS

This case involves the delayed disclosure of defendant's sexual assault of SD and ED. Both victims testified to various sexual acts committed against them by defendant. The nature of the acts are not at issue in this case. After the disclosure, the victims' mother contacted the sheriff's department.

Defendant was arrested and eventually charged as indicated. The prosecution filed a notice of intent to admit other-acts evidence under MCL 768.27a, seeking to allow SD and ED to testify about all of defendant's alleged acts of sexual abuse, not just the five charged acts. The prosecution also opined that the evidence was admissible under *People v DerMartzex*, 390 Mich 410; 213 NW2d 97 (1973). The trial court issued an order allowing the evidence to come in under MCL 768.27a.

At trial, the jury heard testimony from SD, ED, and their mother. In addition, the jury heard Detective Jason Mucha, the detective in charge of the investigation, testify about a "pretext" call that SD made to defendant under the detective's supervision. The detective explained that a pretext call was a recorded call between a victim, or someone close to the investigation, and a suspect. The approximately $2^1/_2$-minute audio recording was admitted without objection and played for the jury. There was a problem with the recording equipment, however, that made the audio unintelligible. The prosecution then had the detective testify about the content of the recording. Detective Mucha said that, among other things, defendant told SD that he did not want her making trouble for him. On cross-examination, Detective Mucha agreed that defendant did not say anything that could be construed as a confession or admission. Defendant did not call any witnesses and did not testify on his own behalf. The jury convicted defendant on all charges. Defendant now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Generally, whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted). Because this issue is unpreserved, this Court's review is limited to mistakes that are apparent on the record alone. See *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. See *Smith v Spisak*, 558 US 139, 149; 130 S Ct 676; 175 L Ed 2d 595 (2010); *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). A failure to conduct a reasonable investigation can amount to ineffective assistance. See *Trakhtenberg*, 493 Mich at 52-55. The defendant bears the burden to prove the factual predicate of his claim that defense counsel did not provide effective assistance. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

### B. ANALYSIS

Defendant first argues that defense counsel rendered constitutionally ineffective assistance by failing to respond in writing to the prosecution's notice of intent to admit other-acts evidence under MCL 768.27a and by declining to file a written response after the trial court gave counsel a second chance to do so. We disagree.

As a general rule, evidence of prior bad acts is not admissible to prove a propensity to commit such acts. See *People v Galloway*, 335 Mich App 629, 637; 967 NW2d 908 (2020). But there are statutory and common-law exceptions in cases involving the sexual assault of a minor. MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing

a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." The five charges against defendant were all listed offenses. See MCL 28.722.

The common-law exception to the general inadmissibility of evidence of prior bad acts comes from *DerMartzex*, 390 Mich at 413-415, in which the Michigan Supreme Court held that the probative value of other-acts evidence outweighed the risk of unfair prejudice when "the crime charged is a sexual offense and the other acts tend to show similar familiarity between the defendant and the person with whom he allegedly committed the charged offense."

Defense counsel's initial failure to respond in writing to the prosecution's notice did not constitute deficient performance. The admission of other-acts evidence is subject to other rules of evidence, such as MRE 402 and 403. *People v Watkins*, 491 Mich 450, 484-485; 818 NW2d 296 (2012). The prosecution's notice did not specify what other acts it was seeking to admit. Without knowing what other-acts evidence the prosecution was seeking to admit, defense counsel could not effectively argue that the evidence was irrelevant or unfairly prejudicial. Under these circumstances, and considering that defense counsel could, and did, receive clarification at the hearing on the prosecution's motion, we cannot conclude that counsel's failure initially to submit a written response constituted deficient performance.

Defendant also argues that defense counsel's unfamiliarity with *DerMartzex* and counsel's decision not to submit a responsive brief to the trial court after the court gave him an opportunity to do so constituted ineffective assistance. This argument is also unavailing.

The trial court admitted the other-acts evidence under MCL 768.27a, a ruling that defendant has not challenged on appeal. Accordingly, the other-acts evidence would have come in regardless whether defense counsel had been familiar with *DerMartzex*. Moreover, because defendant has not challenged the trial court's evidentiary ruling, or otherwise established that the evidence should have been excluded, he cannot show that, but for defense counsel's unfamiliarity with *DerMartzex* and his decision not to file a brief, there is a reasonable probability that the result of the proceedings would have been different. See *Trakhtenberg*, 493 Mich at 51.

Defendant next contends that defense counsel was ineffective for failing to request M Crim JI 20.28, which provides as follows:

> (1) You have heard evidence that was introduced to show that the defendant has engaged in improper sexual conduct for which the defendant is not on trial.
>
> (2) If you believe this evidence, you must be very careful to consider it for only one, limited purpose, that is, to help you judge the believability of testimony of *[name complainant]* regarding the act(s) for which the defendant is now on trial.
>
> (3) You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the defendant is a bad person or that the defendant is likely to commit crimes. You must not convict the defendant here because you think [he] is guilty of other bad conduct.

This instruction may be used "when evidence of other acts has been introduced to show that there existed similar sexual familiarity between the defendant and the complainant to help the jury in judging the credibility of the complainant's testimony." M Crim JI 20.28, use note.

"A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy." *People v Rice*, 235 Mich App 429, 444; 597 NW2d 843 (1999). In some instances, the decision not to request a certain instruction may be a matter of strategy. See *id.* at 144-145 (surmising that defense counsel may have strategically decided not to request a limiting instruction on the use of MRE 404b evidence so as to downplay the defendant's prior conduct).

In the present case, not requesting an instruction that reminded the jury that it had heard evidence regarding defendant's uncharged sexual conduct was arguably consistent with defense counsel's strategy of stressing the improbability of SD's and ED's testimonies. The defense theory was that there was no proof of the alleged sexual molestations, except for the testimony of the victims, that their testimonies were improbable and inconsistent, and that the prosecution's case, based as it was on the victim's testimonies, was too flimsy to allow a jury to conclude beyond a reasonable doubt that defendant had committed the charged crimes. Given defense counsel's theory of defense, it seems entirely reasonable that he would choose not to request a limiting instruction in order to downplay testimonies that counsel argued were unbelievable. See *id.*; see also *People v Haynes*, 338 Mich App 392, 429-430; 980 NW2d 66 (2021) (stating that, "[i]f this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness").[1]

Defendant next argues that defense counsel rendered constitutionally ineffective assistance by failing to request an *in camera* review of the victim's counseling records. This claim of error is without merit.

Michigan generally follows a policy of open and broad discovery that entitles a party to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." MCR 2.302(B)(1). Psychologist-patient communications for the purposes of treatment are privileged. MCL 333.18237.[2] Nevertheless, "[i]f a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability

---

[1] Defendant also asserts that defense counsel's failure to object to the trial court's final jury instructions constituted deficient performance. Aside from arguing that defense counsel should have requested M Crim JI 20.28, defendant does not identify any errors in the trial court's instructions to which defense counsel should have objected. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004).

[2] This privilege extends to communications between a client and a person licensed to practice under a psychologist's supervision. The privilege also extends to client communications with other counseling professionals and with social workers. See MCL 333.18117; MCL 333.18513.

that records protected by privilege are likely to contain material information necessary to the defense, the trial court shall conduct an in camera inspection of the records." MCR 6.201(C)(2).

In support of his claim of error, defendant expands the record with an affidavit, in which he states, among other things, that he told defense counsel that the children attended counseling during the marriage.[3] The mere assertion that the victims went to counseling does not satisfy the requirement to "demonstrate[] a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense." MCR 6.201(C)(2). This Court "avoid[s] construing a court rule in a manner that results in a part of the rule becoming nugatory or surplusage." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 484; 633 NW2d 440 (2001). Being able to obtain privileged records for *in camera* review simply by suggesting that such records likely existed would render the requirements of MCR 6.201(C)(1) nugatory.

Defendant next contends that counsel rendered constitutionally ineffective assistance by failing to call as defense witnesses the victims' brother and defendant's mother. We again disagree.

Whether to call a witness and how to question a witness are presumed to be matters of trial strategy. See *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). When "defense counsel's failure to call a witness is for tactical reasons, rather than a mere oversight, that failure does not establish ineffective assistance of counsel." *People v Harrison*, 163 Mich App 409, 415; 413 NW2d 813 (1987). If the strategy employed is sound and reasonable, the fact that it does not work does not amount to ineffective assistance of counsel. See *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008); *People v Dalessandro*, 165 Mich App 569, 577-578; 419 NW2d 609 (1988).

In the present case, defense counsel's decision not to call any witnesses was, as counsel explained, a tactical decision made in support of the overall defense strategy. Counsel said to the jury during closing argument:

> When I rested yesterday, it wasn't because I couldn't put up witnesses, I couldn't put up the defendant[;] I could have wasted your time with a whole bunch of witnesses, and a whole bunch of emotional arguments, but my burden is zilch, zero, none. I don't have to prove a thing. That's not something that the defense in this country hides behind, it's bedrock. How do you prove you didn't do something you didn't do? And if the prosecution hasn't proven its case beyond a reasonable doubt, why endeavor to do so? It wouldn't be intellectually honest to say to you folks, "They haven't proven their case beyond a reasonable doubt, but I still feel as though I need to prove something." You all agreed in jury selection you weren't

---

[3] A party may not usually expand the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 58; 649 NW2d 783 (2002). However, MCR 7.216(A)(4) provides a mechanism for this Court to expand the record should justice require. See *People v Parkmallory*, 328 Mich App 289, 293; 936 NW2d 877 (2019), vacated on other grounds and implicitly aff'd in relevant part 505 Mich 866 (2019).

going to require me to do that, that all of the burden was going to be on the Government. So far, all of that argument has been emotional, the fear, the fear, the fear, imagine the fear, but no proof.

This strongly suggests that defense counsel's decision not to call defense witnesses was a matter of strategy. This Court does not second-guess counsel on matters of trial strategy, *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008), and the fact that a strategy does not work does not necessarily amount to ineffective assistance of counsel, *Petri*, 279 Mich App at 412.

Moreover, defendant fails to show that defense counsel's trial strategy was not sound or reasonable. Defendant finds it inexplicable that defense counsel did not call the victims' brother to testify, but gives no indication that the brother's testimony would have aided the defense. "Without some indication that a witness would have testified favorably, a defendant cannot establish that counsel's failure to call the witness would have affected the outcome of his or her trial." *Haynes*, 338 Mich App at 430.

Defendant asserts that, if called as a witness, his mother would have testified that she did not detect any signs of abuse or other issues between the victims and defendant, and that defendant was not alone with the victims as much as was claimed. The jury heard similar testimony from the victims' mother, who said that she never saw defendant physically abuse the children. As to how much time defendant spent alone with the victims, the jury heard testimony about the mother's work schedule, knew that the children were in school and their mother drove them to numerous extracurricular activities, and that defendant traveled for work about once a month. These facts allowed the jury to consider how busy the household was and whether defendant had the opportunity to commit the alleged sexual assaults. Defendant has not shown that his mother's duplicative testimony would have affected the outcome of the trial.

Defendant also contends that defense counsel was ineffective for failing to admit into evidence an e-mail that would have called into question claims by the victims and their mother that defendant was trying to isolate them. At trial, SD testified that defendant "kicked" her mother's sister out of their house and told her to never come back. The victims' mother testified that defendant would yell at people who came to the house without calling and would refuse them entry, and that he did this to her friend and to her sister. Defendant asserts on appeal that his "book of possible evidence" contained an e-mail that would have discredited these testimonies by showing that the victims' mother and the mother's sister were actually estranged. Assuming that the e-mail and the testimonies addressed the same event, there is no reason to believe that the e-mail would have affected the outcome of the trial, especially considering defense counsel's vigorous attack on the credibility of the prosecution's witnesses.

Defendant also faults defense counsel for failing to cross-examine SD and ED so as to highlight the inconsistencies in their testimonies regarding a damaged light switch in their bedroom. Although SD's and ED's testimony varied regarding to whether ED was comforted by SD or by their mother, their testimonies regarding the material fact—that defendant came home drunk and damaged the light switch by hitting it—were consistent. Defendant has not explained how inconsistencies in the minor detail of who was at home with ED could have affected the outcome of the case.

Defendant's assertion that defense counsel did not look at defendant's "book of possible evidence" amounts to a claim that defense counsel failed to conduct a reasonable investigation. As already indicated, the failure to conduct a reasonable investigation can amount to ineffective assistance. *Trakhtenberg*, 493 Mich at 52-55. But, when claiming ineffective assistance because of defense counsel's unpreparedness, a defendant must show prejudice resulting from the lack of preparation. See *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990). Merely asserting that defense counsel did not look at the "book of possible evidence", *without showing prejudice caused by the oversight* cannot sustain a claim of ineffective assistance. See *id.*

Lastly, defendant contends that defense counsel performed deficiently by allowing the prosecution to play an audio recording of a pretext call that was of such poor quality that the investigating detective had to summarize it for the jury.

The admissibility of an audio recording is left to the sound discretion of the trial court, and a recording is admissible unless "the unintelligible portions are so substantial as to render the recording as a whole untrustworthy." *People v Karalla*, 35 Mich App 541, 546; 192 NW2d 676 (1971) (quotation marks and citation omitted). After the audio recording was played for the jury in the present case, the prosecutor said, "Not great audio," to which Detective Mucha agreed. The transcript states that there was "laughter in the courtroom," suggesting that the prosecutor's observation about the recording's poor quality of the audio recording may have been an understatement.

Nevertheless, the testimony about what defendant said on the call was admissible and trial counsel did not object to Detective Mucha testifying to what defendant said during the call. The pretext call was made at a substation of the Ottawa County Sheriff's Department, and Detective Mucha was present and able to hear SD's conversation with defendant. According to Detective Mucha, "[h]e said that his mother was in the hospital, and now is not a good time, and he didn't want [SD] making trouble for him." Defendant's statements could have been admitted through SD or Detective Mucha under MRE 801(d)(2) as statements of a party-opponent. See *People v Pipes*, 475 Mich 267, 280; 715 NW2d 290 (2006). Even assuming for the sake of argument that defense counsel's acquiescence to admission of the testimony through Detective Mucha constituted deficient performance, defendant has not shown a reasonable probability of a different outcome but for counsel's error. Any prejudice attributable to the detective's testimony that defendant told SD not to make trouble for him was offset somewhat when defense counsel elicited on cross-examination that defendant did not say anything during the pretext call that could have been construed as an admission or a confession.

For the foregoing reasons, we conclude that even if there were deficiencies in defense counsel's performance, defendant has not shown that there was a reasonable probability of a different outcome but for these deficiencies. See *Trakhtenberg*, 493 Mich at 51.[4] Having failed

---

[4] We also conclude that remand for a *Ginther* hearing is not warranted. See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). Defendant's request for remand seems directed more at determining why defense counsel did not pursue a different strategy than at uncovering any flaws in counsel's execution of a strategy that appeared reasonable under the circumstances.

to establish both prongs necessary to prevail on a claim of ineffective assistance, defendant's claim must fail.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney