PEOPLE v GEORGE

Docket No. 62599. Submitted January 21, 1983, at Detroit.—Decided
    April 26, 1983.
    Defendant, Michael George, was convicted by a jury in the
        Recorder's Court of Detroit, Lawrence D. Silverman, J., of
        armed robbery and possession of a firearm in the commission of
        a felony. Defendant had offered the defense of mistaken iden-
        tity. Defendant appeals raising several issues. *Held:*
        1. The trial court correctly found that the defendant's arrest
    was supported by probable cause.
        2. The trial court clearly erred in finding that the prosecu-
    tion had exercised due diligence to obtain as trial witnesses
    several unnamed customers who were present in the restaurant
    during the robbery. Defendant's conviction is therefore vacated.
    The prosecutor may seek a post-remand hearing within 30 days
    to rebut the presumption that defendant was prejudiced by the
    failure to produce the missing res gestae witnesses. That pre-
    sumption of prejudice can be rebutted only if the prosecution
    proves that the witnesses could not have been produced at trial
    despite an exercise of due diligence, that the witnesses' testimo-
    nies would have been cumulatively unfavorable to defendant,

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 49.
[2, 4] 41 Am Jur 2d, Indictment and Information §§ 56, 60.
    58 Am Jur 2d, New Trial § 41.
[3, 4] 4 Am Jur 2d, Appeal and Error § 840.
[4] 21 Am Jur 2d, Criminal Law § 580 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 778 *et seq.*
    21A Am Jur 2d, Criminal Law § 836.
    63 Am Jur 2d, Prosecuting Attorneys § 27.
[6] 75 Am Jur 2d, Trial §§ 305, 306.
[7] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[8] 21A Am Jur 2d, Criminal Law §§ 748-753, 984-987.
    Modern status of rules and standards in state courts as to adequacy
        of defense counsel's representation of criminal client. 2 ALR4th
        27.
[9] 21 Am Jur 2d, Criminal Law § 267.
    67 Am Jur 2d, Robbery § 4.
    79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*

or that the absence of those witnesses constituted harmless error. The effect of such hearing will be determinative of whether the due-diligence question will be presented to the fact finder.

3. The prosecutor's comments during the closing argument regarding the credibility of a witness who testified that the defendant was not the perpetrator created inflammatory and prejudicial inferences that were not substantiated by the evidence. Such argument resulted in manifest injustice.

4. The trial court properly exercised its discretion and weighed the relevant factors before admitting evidence of a prior conviction.

5. Defendant was not denied the effective assistance of counsel.

6. Defendant's conviction of both armed robbery and possession of a firearm in the commission of a felony did not violate the constitutional prohibition against double jeopardy.

Reversed and remanded.

1. ARREST — PROBABLE CAUSE — APPEAL.

A court, in reviewing a claim that a police officer lacked probable cause to arrest, must determine whether facts available to the officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony; each case must be analyzed in light of the particular facts confronting the arresting officer.

2. WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE — CRIMINAL LAW.

A prosecutor has the duty to produce and indorse all res gestae witnesses; the prosecutor may be relieved of this duty by showing that the res gestae witnesses could not be produced despite an exercise of due diligence; due diligence is the attempt to do everything reasonable, not everything possible, to obtain the presence of res gestae witnesses (MCL 767.40; MSA 28.980).

3. WITNESSES — RES GESTAE WITNESSES — APPEAL — DUE DILIGENCE.

The Court of Appeals will not review a trial court's finding of due diligence on the part of a prosecutor to secure the attendance of missing res gestae witnesses unless clear error is found.

4. WITNESSES — RES GESTAE WITNESSES — APPEAL — CRIMINAL LAW — DUE DILIGENCE — POST-REMAND HEARINGS.

The Court of Appeals, upon finding that a trial court clearly

erred in finding due diligence on the part of a prosecutor to secure the attendance of missing res gestae witnesses, will vacate the defendant's conviction; the prosecution will then be allowed 30 days in which to seek a post-remand hearing to rebut the presumption that the defendant was prejudiced by the failure to produce the missing res gestae witnesses; the presumption of prejudice can be rebutted only if the prosecution proves that the witnesses could not have been produced at trial despite an exercise of due diligence, that the witnesses' testimonies would have been cumulatively unfavorable to the defendant, or that the absence of those witnesses constituted harmless error.

5. CRIMINAL LAW — PROSECUTOR'S DUTY.

The prosecution has a duty to insure that a defendant has a fair trial; while a prosecutor may vigorously argue the people's case based upon the evidence presented, he must refrain from injecting unfounded or prejudicial innuendo into the proceedings.

6. CRIMINAL LAW — PROSECUTORIAL ARGUMENT.

A prosecutor may call the credibility of a witness, even a res gestae witness, into question, however, he must do so within the bounds of the evidence presented.

7. CRIMINAL LAW — PROSECUTORIAL ARGUMENT — APPEAL.

Failure to object to the arguments of a prosecutor waives appellate review of such arguments unless manifest injustice could occur.

8. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

A defendant is not denied the effective assistance of counsel where his trial counsel performs at least as well as an ordinary attorney with training and skill in the criminal law and does not make serious mistakes that deny defendant a fair trial.

9. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — ARMED ROBBERY — FELONY-FIREARM.

A criminal defendant's right to be protected against double jeopardy is not violated where the defendant is convicted of both armed robbery and possession of a firearm in the commission of a felony (US Const, Am V; Const 1963, art 1, § 15; MCL 750.227b, 750.529; MSA 28.424[2], 28.797).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *John A. Scavone,* Assistant Prosecuting Attorney, for the people.

*Joseph P. Zanglin,* for defendant on appeal.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. Defendant appeals as of right from a jury conviction of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial judge sentenced defendant to 25 to 50 years in prison for the armed robbery and the mandatory two-year prison term for the felony-firearm.

Defendant was convicted for robbing a Church's Chicken Restaurant located on Woodward Avenue in Detroit. His defense was mistaken identity.

Defendant raises seven issues on appeal, two of which require reversal. Defendant first argues that his arrest was not supported by probable cause. Defendant preserved this question for appeal by raising it at a pretrial hearing.

An arrest is supported by probable cause if the facts available to the police officer at the moment of arrest would justify a fair-minded person of average intelligence in believing that the suspected person had committed a felony. We analyze each case in light of the particular facts confronting the arresting officer. *People v Potter,* 115 Mich App 125, 134-135; 320 NW2d 313 (1982); MCL 764.15; MSA 28.874.

We agree with the trial court's findings that defendant's arrest was supported by probable cause, although the question is close. The arresting officer observed defendant drive the suspected get-

away vehicle and defendant's appearance was sufficiently similar to the robber's description to allow a reasonable person to conclude that defendant was the perpetrator of the robbery. We do not agree with defendant's argument that he was arrested solely for investigatory purposes.

Defendant next argues that the trial court clearly erred by finding that the prosecution exercised due diligence to obtain as trial witnesses several unnamed customers who were present during the robbery. Because of this ruling, the trial court refused to instruct the jury that they might infer that the missing witnesses would have testified favorably for defendant. CJI 5:2:14(3); *People v Pearson,* 404 Mich 698, 722; 273 NW2d 856 (1979).

A prosecutor has the duty to produce and indorse all res gestae witnesses. MCL 767.40; MSA 28.980. One purpose of the rule is to protect the accused against the suppression of evidence that is favorable to that defendant. *People v Tann,* 326 Mich 361, 367; 40 NW2d 184 (1949). The prosecution may be relieved of this duty by showing that the res gestae witnesses could not be produced despite an exercise of due diligence. Due diligence is the attempt to do everything reasonable, not everything possible, to obtain the presence of res gestae witnesses, *People v Moreno,* 112 Mich App 631, 637; 317 NW2d 201 (1981); *People v Frazier,* 95 Mich App 570, 576; 291 NW2d 125 (1980). This Court reverses a trial court's findings of due diligence only when we find clear error. *Id.*

In this case, we find that the trial court clearly erred by finding that the prosecution had exercised due diligence. On the contrary, the evidence produced during trial and at the hearing on this issue showed otherwise. The eyewitness employee who identified defendant as the robber testified that

four or five customers were present in the restaurant during the holdup. However, the investigating police officer who arrived on the scene immediately after the robbery did not ask each customer for his or her name or interview those customers. Instead, the officer merely inquired whether anyone had observed anything. This action was not reasonably sufficient to constitute due diligence.

Because we find that the trial court clearly erred by finding that the prosecution was duly diligent, we vacate defendant's conviction. Pursuant to the procedure outlined in *Pearson, supra,* we allow the prosecution the opportunity to seek a post-remand hearing within 30 days, to rebut the presumption that defendant was prejudiced by the failure to produce the missing res gestae witnesses. That presumption of prejudice can be rebutted only if the prosecution proves that the witnesses could not have been produced at trial despite an exercise of due diligence, that the witnesses' testimonies would have been cumulatively unfavorable to defendant, or that the absence of those witnesses constituted harmless error. *Pearson,* p 725. Since we find reversal and a new trial required on another ground, the effect of such a hearing will not be determinative of whether a new trial should be had, but rather of whether the due-diligence question will be presented to the fact finder.

We also find reversal required because the prosecutor denied defendant a fair trial by improperly inflaming and prejudicing the jury in closing argument.

The prosecution has a duty to insure that the defendant has a fair trial. *People v Williams,* 114 Mich App 186, 198; 318 NW2d 671 (1982); *People v Brocato,* 17 Mich App 277, 290-291; 169 NW2d 483

(1969). While a prosecutor may vigorously argue the people's case based upon the evidence presented, *People v Cowell,* 44 Mich App 623, 629; 205 NW2d 600 (1973), a prosecutor must refrain from injecting unfounded or prejudicial innuendo into the proceedings. *Brocato, supra,* p 304; *People v Bairefoot,* 117 Mich App 225, 231; 323 NW2d 302 (1982).

In this case, the prosecutor attacked the credibility of the eyewitness who testified that defendant was not the perpetrator by accusing that witness of being an accessory or party to the crime. To do so, the prosecutor created inflammatory and prejudicial inferences that were not substantiated by the evidence. Indeed, in his closing argument the prosecutor tried, testified against and convicted that witness. While the prosecutor may call into question the credibility of even a res gestae witness, he must do so within the bounds of the evidence presented. MRE 607(2)(A); *People v Viaene,* 119 Mich App 690, 697-698; 326 NW2d 607 (1982). Although defendant did not object to this argument, we review it because we find it caused manifest injustice. *People v Williams, supra,* p 199. The outcome of the trial depended in large measure upon the jury's credibility determination regarding the two eyewitnesses.

We find no error in defendant's remaining arguments. The trial court properly exercised its discretion and weighed the relevant factors before admitting evidence of a prior conviction. MRE 609. Defendant's counsel performed at least as well as an ordinary attorney with training and skill in the criminal law and did not make serious mistakes that denied defendant a fair trial. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). Defendant's double jeopardy argument was rejected in

*Wayne County Prosecutor v Recorder's Court Judge (People v Alexander),* 406 Mich 374; 280 NW2d 793 (1979), *dis sub nom Brintley v Michigan,* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979).

Reversed and remanded. We retain jurisdiction only to review the post-remand hearing should the prosecution seek it.