PEOPLE v CROSS

Docket No. 138231. Submitted April 2, 1993, at Grand Rapids. Decided October 18, 1993, at 9:25 A.M. Leave to appeal sought.

Vincent L. Cross was convicted by a jury in the Kalamazoo Circuit Court, Philip D. Schaefer, J., of possession of less than twenty-five grams of cocaine and attempted resisting and obstructing a police officer. He then pleaded guilty of being an habitual offender, second offense. He was sentenced to concurrent prison terms of two to six years for the possession conviction and six months for the obstruction conviction. He appealed.

The Court of Appeals *held:*

1. The trial court did not err in allowing a police officer to testify regarding what a six-year-old girl told him in identifying the defendant as the man who ran through her backyard and placed money and a rock of cocaine on the ground. The interval between the event and the child's statement was less than a minute, and the statement falls within the present sense impression exception to the hearsay rule.

2. Because the child was available at trial and the defendant had the opportunity to call her as a witness, but chose not to, the defendant was not denied due process as a result of the prosecution's failure to call the child as a witness.

3. The prosecution intentionally misrepresented a material fact by asserting in its closing argument that the child could not be called as a witness at trial. No miscarriage of justice resulted, however, because the prejudicial effect of the improper remark could have been cured by an appropriate instruction, had the defendant objected and requested one.

4. The prosecution's cross-examination of the defendant's testimony did not constitute misconduct by the prosecutor so as to deprive the defendant of a fair trial.

5. Any error resulting from the prosecutor's implying that

REFERENCES

Am Jur 2d, Appeal and Error §§ 533, 535, 553, 557; Evidence §§ 320, 327; Trial §§ 395, 405, 406, 497, 499.

See ALR Index under Appeal and Error; Attorney or Assistance of Attorney; Criminal Law; Evidence; Trial.

the child could identify the defendant at trial could have been cured by a timely objection and an appropriate instruction.

6. The prosecutor did not urge the jurors to convict the defendant as part of their civic duty.

7. The trial court did not abuse its discretion in ruling that evidence of the defendant's two-year-old armed robbery conviction could be used to impeach his credibility if he chose to testify. The evidence was more probative than prejudicial.

8. The prosecution established beyond a reasonable doubt a prima facie case regarding the charge of attempted resisting and obstructing a police officer. The defendant failed to object to the jury instructions regarding that charge. Absent manifest injustice, the failure to object to a jury instruction waives appellate review of the issue. Because no manifest injustice occurred in this case, the issue need not be addressed.

9. The sentence for the possession conviction does not violate the principle of proportionality.

Affirmed.

D.E. SHELTON, J., dissenting, stated that the defendant's convictions should be reversed because it is manifest injustice to uphold a conviction obtained as a result of the prosecutor's intentional misrepresentation of a material fact. The prosecutor's statement that the child could not be called as a witness concerned the crucial evidence in the prosecution's case and was clearly instrumental in the defendant's conviction. Where, as in this case, the prosecutor's misconduct goes to the essential element of the case, the failure to request a curative instruction should not prevent the Court of Appeals from remedying the intentional misrepresentation.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — IMPROPER REMARKS
    — PRESERVING QUESTION.

No miscarriage of justice occurs as a result of improper remarks by a prosecuting attorney where the defendant did not object to the remarks at trial and any prejudicial effect of the remarks could have been cured by an appropriate timely instruction; appellate review is precluded where error by the prosecution could have been cured by a timely instruction had one been requested.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-
    MENT.

Evidence of prior convictions of crimes that contain an element of dishonesty or false statement is admissible for the purpose of attacking the credibility of a witness, including a witness-accused; evidence of crimes that contain an element of theft is

admissible if the crime was punishable by imprisonment in excess of one year or death and the court determines that the probative value of the evidence is not outweighed by its prejudicial effect (MRE 609).

3. Appeal — Jury Instructions — Preserving Question.

Failure to object to a jury instruction waives appellate review of the instruction absent manifest injustice.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Michael H. Dzialowski,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for the defendant on appeal.

Before: Michael J. Kelly, P.J., and Weaver and D. E. Shelton,* JJ.

Weaver, J. Following a jury trial, defendant was convicted of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and attempted resisting and obstructing a police officer, MCL 750.479; MSA 28.747. He then pleaded guilty of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to concurrent prison terms of two to six years for the possession conviction and six months for the obstruction conviction. Defendant appeals as of right. We affirm.

On the afternoon of September 5, 1990, defendant was standing with four or five other men in front of a barber shop on East Main Street in Kalamazoo. When police officers approached the group, defendant walked away and then began to run. He was followed by two police officers. Defendant ran through a number of yards. As defendant ran through the backyard at 546 Phelps Street,

* Circuit judge, sitting on the Court of Appeals by assignment.

Officer Jay Boehme saw him bend down and make a motion like he was placing something on the ground. Officer Boehme arrived in the yard about a minute later, and saw some money and a rock of cocaine on the ground. A six-year-old girl in the yard said, "That man put that there." When the officer asked her whether it was a man wearing a blue Pistons T-shirt, which he had seen defendant wearing, she said, "Yes." Defendant fled into the basement of his grandmother's home. The officers followed him into the basement, handcuffed him, and placed him in a police car. Officer Kirk Spence testified that defendant struggled with him as he attempted to handcuff defendant.

I

Defendant contends Officer Boehme's testimony regarding what the little girl told him was inadmissible hearsay. Defendant also argues that the court's failure to compel the prosecutor to call the little girl to testify denied defendant a fair trial. Before the trial, defendant moved to preclude the prosecution from presenting the child's extrajudicial statements. In the alternative, defendant asked the court to require the prosecution to call the child as a witness. The court denied both requests.

Defendant first argues the statements were inadmissible hearsay. At trial Officer Boehme testified that while pursuing the defendant, he saw money and a rock of cocaine lying on the ground. A little girl in the yard told him "[t]hat man put that there." The officer then verified with the child the color shirt defendant was wearing. The time that elapsed between the officer seeing defendant bend down in the grass and the officer speaking to the six-year-old girl was less than one minute. Further, the initial statement was unsolicited.

MRE 803(1) states:

> The following [is] not excluded by the hearsay rule, even though the declarant is available as a witness:
> (1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

Defendant argues the statements do not fall within the present sense impression exception because of the time lapse between the event and the making of the statements. Our Supreme Court has ruled that a four-minute interval between an event and a statement was "immediately after" the event for purposes of the present sense impression exception. *Johnson v White,* 430 Mich 47; 420 NW2d 87 (1988). Here, the interval was less than a minute, and clearly falls within the exception.

Defendant also argues the child should have been sworn in as a witness so that defendant could have had the benefit of cross-examination. The child was available at trial; defendant had the opportunity to call the child as a witness and chose not to do so. Defendant cannot now claim that the lost opportunity constitutes a denial of due process. *Dresselhouse v Chrysler Corp,* 177 Mich App 470; 442 NW2d 705 (1989); *People v Roberson,* 167 Mich App 501; 423 NW2d 245 (1988).

II

Defendant next asserts that the cumulative effect of four instances of alleged misconduct by the prosecutor denied him a fair trial and due process of law.

Defendant first claims the prosecutor made a

false assertion of fact during closing argument, that the child declarant could not be called as a witness at trial. Although not called to testify, the child was available, not ruled incompetent to testify, and named on the prosecutor's witness list. During closing argument, defendant's counsel asserted that the child was the only eyewitness and attacked the prosecution's failure to call the child as a witness. The prosecutor, in closing, responded as follows:

> A little 6-year old girl comes by, backyard [sic], sees someone go through, put something down. The reason you were allowed to hear what she had to say at the moment that she saw the officer was because she said it right then. The officer was in a position to observe much of what she saw too. Well, she's just a little tiny girl. She's even younger than Jason was. She's not someone that we can bring into a Courtroom.

We agree that the prosecutor intentionally misrepresented a material fact, because there is nothing in the record to support the idea that the young girl could not have been called to testify. However, defendant did not object to the improper remark or seek a curative instruction. The goal of a defense objection to improper remarks by the prosecutor is a curative instruction. *People v Fuqua,* 146 Mich App 250, 254; 379 NW2d 442 (1985). A miscarriage of justice will not be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction. *People v Gonzalez,* 178 Mich App 526; 444 NW2d 228 (1989). Thus, if defense counsel fails to object, review is foreclosed unless the prejudicial effect of the remark was so great that it could not have been cured by an appropriate instruction. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), rev'd on

other grounds 414 Mich 877 (1982). In the instant case, the prejudicial effect of the improper remark could have been cured by an appropriate instruction. The girl's statement was admissible under the present sense impression exception to the hearsay rule (see issue I). The court could have instructed the jury that it was possible to call the child to testify at trial, but not necessary.

Defendant next argues that in cross-examining defendant the prosecution, over defense counsel's objection, repeatedly elicited testimony establishing that defendant had frequented an area known for cocaine trafficking and improperly attempted to establish guilt by association.

Officer Boehme, a member of the police department's Tactical Response Unit, testified that he first observed defendant in the 1600 block of East Main Street, an area "where narcotics are bought, sold and used on a regular basis." The prosecutor elicited testimony from two other Tactical Response Unit officers who were on duty with Officer Boehme in the area on September 5, 1990, who attested that this area was known for narcotics trafficking. Then, over defense counsel's objection, the prosecutor cross-examined defendant with repeated questions concerning whether defendant knew the street names of his companions who had been congregating in front of the barber shop, whether defendant knew that the area was known for selling crack cocaine, whether defendant had a street name, and whether he had seen crack cocaine before. The prosecutor's questioning was in response to defendant's testimony on direct examination that he was in the 1600 block of East Main Street to buy some juice and play basketball with another individual in the group. It was also in response to defendant's testimony that he had never used or sold drugs. A defendant's false or

inconsistent testimony may be impeached. See *Michigan v Harvey,* 494 US 344; 110 S Ct 1176; 108 L Ed 2d 293 (1990). We conclude that the prosecution's cross-examination of defendant's testimony, when reviewed in the context of the trial, did not constitute misconduct so as to deprive defendant of a fair trial. *Duncan, supra.*

Defendant also argues that the prosecutor improperly implied that the child witness, who did not testify, had identified defendant at trial. Specifically, defendant argues that during cross-examination of defendant, the prosecutor implied that the child could identify defendant by asking the following question: "This small child, this little girl that approached Officer Boehme and said that she saw you place that piece of crack and the money on the ground, you were a figment of her imagination?" Defendant failed to object to this question, and any error could have been easily cured by a timely instruction; therefore, appellate review is precluded. *Duncan, supra.*

Defendant claims the prosecutor improperly implied that the jury had a duty to convict defendant. However, review of the complained-of remark persuades us that it does not rise to the level of urging the jurors to convict the defendant as part of their civic duty. *People v Swartz,* 171 Mich App 364; 429 NW2d 905 (1988).

Finally, defendant argues that the cumulative effect of all four instances of alleged misconduct by the prosecutor was so great that it denied defendant a fair trial and due process of law. Review of the record convinces us this argument has no merit.

III

Defendant asserts the court erred in ruling the

prosecutor could impeach defendant with evidence of a prior robbery conviction.

Before trial the prosecution moved to impeach defendant with evidence of a 1988 armed robbery conviction, should he choose to testify. A witness' credibility may be impeached with evidence of prior convictions, MCL 600.2159; MSA 27A.2159, but only if the convictions satisfy the criteria set forth in MRE 609. The rule provides, in part:

> (a) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross examination, and
>
> (1) The crime contained an element of dishonesty or false statement, or
>
> (2) the crime contained an element of theft, and
>
> (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and
>
> (B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

Because armed robbery contains an element of theft, evidence of such a conviction is admissible under MRE 609 if it satisfies the *Allen* balancing test. *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988); *People v Minor,* 170 Mich App 731; 429 NW2d 229 (1988).

Defendant's 1988 armed robbery conviction has lower probative value with regard to the question of veracity than other theft offenses would have, but heightened probative value because defendant's prior conviction was only two years old.

*Allen* at 612. Further, theft is an element of robbery, and an indicator that defendant is of dishonest character and may not testify truthfully. However, there would be little prejudice to defendant because of the disparity between defendant's 1988 armed robbery conviction and his current convictions of possession of cocaine and attempted resisting and obstructing a police officer. Although the trial court erroneously focused upon its view that "armed robbery is a very violent crime" to determine the veracity of defendant's testimony, it did not abuse its discretion because the evidence here is more probative than prejudicial. *Allen, supra.*

IV

Defendant argues the court erred in denying his motion for a directed verdict on the charge of attempted resisting and obstructing a police officer. Specifically, defendant argues the prosecution failed to establish a prima facie case because it failed to prove beyond a reasonable doubt that defendant knew he was being arrested. Defendant's own testimony establishes that he knew at the time that he struggled with the officers that he was being arrested. The testimony of the arresting officers establishes that defendant intended to resist the arrest. Viewing the evidence in a light most favorable to the prosecution, we find the prima facie elements of attempted resisting and obstructing a police officer proven beyond a reasonable doubt. *People v Little,* 434 Mich 752; 456 NW2d 237 (1990).

V

Defendant contends the jury instruction given

regarding the charge of attempted resisting and obstructing a police officer was deficient to the point that reversal is required, because it did not adequately inform the jury of the elements of the charged offense.

Defendant did not object to the jury instructions given at trial and therefore has not preserved this issue for appeal. A party must object to a given jury instruction in order to preserve the issue for appellate review. *People v Puroll,* 195 Mich App 170, 171; 489 NW2d 159 (1992); *People v Clark,* 172 Mich App 407, 417; 432 NW2d 726 (1988). Failure to object to a jury instruction waives appellate review absent manifest injustice. *People v Sammons,* 191 Mich App 351, 372; 478 NW2d 901 (1991), lv den 439 Mich 938 (1992), cert den — US —; 112 S Ct 3015 (1992). We find no such manifest error and therefore decline to address the issue.

VI

Finally, defendant argues his sentence for the possession conviction is excessive. A sentence constitutes an abuse of discretion if it violates the principle of proportionality. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). After a thorough review of the record, we find the sentence imposed is proportionate to the seriousness of the circumstances surrounding this offense and this offender. We find no abuse of the sentencing court's discretion.

Affirmed.

MICHAEL J. KELLY, P.J., concurred.

D. E. SHELTON, J. *(dissenting).* I concur in the decision of my colleagues, except with regard to issue II. I dissent with regard to that issue, and would reverse.

As the majority points out, the prosecutor's statement that the child involved could not be called as a witness was an intentional misrepresentation of material fact. The intentional nature of this misconduct by the prosecutor is apparent from the fact that the prosecutor had listed the child as a witness and had just successfully opposed a motion that would have required the prosecutor to call her as a witness. She was available and had not been ruled incompetent to testify. It is clear that the prosecutor had predetermined a strategy that would allow her to admit the child's out-of-court statement of identification without having to call her as a witness. There is certainly nothing inherently unfair about that strategy. But when the prosecutor then told the jury that she *could not* call the child as a witness, it was a deliberate attempt to deceive the jury with regard to why the child had not testified.

The intentional misrepresentation of material fact by a prosecutor is offensive to the maintenance of a sound judicial system. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). It is manifestly unjust. *People v McCain,* 84 Mich App 210; 269 NW2d 528 (1978); *People v George,* 130 Mich App 174; 342 NW2d 908 (1983).

The majority holds that the prosecutor's misconduct was waived by defendant's failure to request a curative instruction. I disagree. Such a waiver should be found only when the misconduct is not so manifest as to result in a miscarriage of justice. *People v Federico,* 146 Mich App 776; 381 NW2d 819 (1985); *People v Williams,* 114 Mich App 186; 318 NW2d 671 (1982). Where the prosecutor's misconduct goes to the essential element of the case, a failure to request a curative instruction should not prevent this Court from remedying the prosecutor's intentional misrepresentation. *People*

*v Foster,* 175 Mich App 311, 317-319; 437 NW2d 395 (1989); *George, supra* at 180.

Here, the child's statement and her alleged observation of the man who placed cocaine on the ground was the crucial evidence in the prosecution's case and was clearly instrumental in defendant's conviction. Although the jury may well have had some doubts about that evidence in light of the prosecutor's failure to call the child as a witness, any such doubt may have been alleviated when the prosecutor misled them by stating that she could not call the child to verify the identification in court. It is manifest injustice to uphold a conviction obtained by such misconduct. I would reverse on the basis of that issue.