*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
October 20, 2022

v

No. 352950
Monroe Circuit Court
LC No. 19-245308-FH

MOSES RALPH AIKENS,

      Defendant-Appellant.

Before: RICK, P.J., and O'BRIEN and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(b), and one count of attempted CSC-IV, MCL 750.92 & MCL 750.520e(1)(b). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 10 to 30 years for each CSC-III conviction, two to four years for each CSC-IV conviction, and 16 to 24 months for the attempted CSC-IV conviction. We vacate defendant's convictions and remand for a new trial.

## I. BACKGROUND

The 41-year-old defendant was convicted of sexually assaulting 16-year-old HW on an evening in July 2018. The assault took place during a party at a residence owned by defendant's friend. The prosecution presented evidence that HW attended the party because she was friends with EM, the daughter of defendant's friend hosting the party. Defendant admitted to drinking that evening, while HW testified that she only had a sip of alcohol and smoked some marijuana with EM. According to HW, defendant's advances towards her began while she and others were sitting around a bonfire. Defendant touched her leg and complimented her appearance. HW, feeling uncomfortable, went inside the house, and defendant followed her into the kitchen, where he cornered her and leaned toward her as if to kiss her, but then walked away when someone else entered the house. Later, while HW was lying on a loveseat in the living room, defendant approached her and held her hands above her head as he kissed her neck, licked the outside of her vagina, and digitally or orally penetrated her vagina. Defendant also pulled HW's hand toward

his penis in an effort to have her touch it. HW reported the sexual assaults to the police the next day, after first disclosing the incidents to her guardian.

The defense theory at trial was that HW's testimony was inconsistent and not credible, relying largely on the lack of corroborating physical evidence or eyewitnesses. The prosecution's DNA expert analyzed the underwear and sweatshirt that HW was wearing at the time of the assault and determined that defendant's DNA profile was not on either item. Defendant testified at trial and denied that he sexually assaulted HW. EM testified that defendant and HW were never alone together during the party, that HW showed up to the party intoxicated, and that she spent most of the night upstairs.

## II. IMPEACHMENT WITH PRIOR CONVICTIONS

Defendant argues on appeal that his counsel provided ineffective assistance by (1) failing to object when the prosecutor questioned defendant about his prior convictions and (2) failing to object when the prosecutor relied on defendant's improperly-admitted prior convictions during closing to argue that defendant was not credible. Defendant alternatively contends that these acts by the prosecutor amounted to prosecutorial misconduct. We agree with defendant that he is entitled to a new trial because his counsel provided ineffective assistance, and accordingly decline to address defendant's alternative prosecutorial-misconduct argument.

Ordinarily, whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and law—the trial court's factual findings supporting its decision are reviewed for clear error, while the court's determination of whether those facts violated the defendant's right to the effective assistance of counsel is reviewed de novo. *People v Dixon-Bey*, 321 Mich App 490, 515; 909 NW2d 458 (2017). "Defendant, however, failed to obtain an evidentiary hearing to expand the record, so there are no factual findings to which this Court must defer, and this Court's review is instead limited to errors apparent on the record." *People v Haynes*, ___ Mich App ___, ___; ___ NW2d ___ (2021); (Docket No. 350125), slip op at 16.

To establish a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Effective assistance is "strongly presumed," *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and the defendant bears the heavy burden of proving otherwise, *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004). "If this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness." *Haynes*, ___ Mich App at ___; slip op at 17. However, any such strategy so conceived must be in fact sound, and courts must avoid insulating ineffective assistance "by calling it trial strategy." *People v Douglas*, 496 Mich 557, 585; 852 NW2d 587 (2014) (quotation marks and citation omitted).

A prior conviction may be used to impeach a witness's credibility only if the conviction satisfies the criteria set forth in MRE 609. See *People v Cross*, 202 Mich App 138, 146; 508 NW2d 144 (1993). That rule provides in relevant part:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall not be admitted unless the evidence has been elicited from the witness or established by public record during cross-examination, and

(1) the crime contained an element of dishonesty or false statement, or

(2) the crime contained an element of theft, and

(A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and

(B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

*　*　*

(c) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date. [MRE 609.]

In 1997, defendant was convicted by plea of breaking and entering a vehicle with intent to steal property, and was also charged with second-degree home invasion. This latter charge was dropped in October 1998. Thus, defendant's only conviction for a theft crime was the breaking-and-entering conviction, but it is undisputed that this conviction was inadmissible for purposes of attacking his credibility at the instant trial because it was more than 10 years old. See MRE 609(c).

Nevertheless, the prosecutor here opened her cross-examination of defendant by seeking to elicit evidence of defendant's prior convictions. The following exchange occurred:

*Q.* Mr. Aikens, have you been—have you ever been convicted of any crimes involving theft or dishonesty?

*A.* By theft by you mean—I got a breaking and entering of a vehicle when I was young, before I had kids.

*Q.* Can you think of any other crimes you've been convicted of?

*A.* You know what, my criminal past is far past. I tend to forget about it. I'm—

*Q.* The only thing that you have to—the only thing I'm asking about, you don't have to say anything more than crimes involving theft or dishonesty?

*A.* I mean, I—I think I pled to somethin', a home invasion, when I was like 18 or somethin' like that. I'm not sure.

*Q.* Okay.

*A.* It's been so long, like I've said, I was a whole different person back then.

*Q.* Okay.

*A.* Then when I had kids, so—

*Q.* All right. Thank you, sir.

Defense counsel knew or should have known that none of defendant's prior convictions were admissible under MRE 609, yet he failed to object to the prosecution's question clearly seeking to admit defendant's prior convictions under that rule. Moreover, regardless of whether defense counsel was aware of defendant's prior convictions, he failed to object to the potential admission of defendant's previous convictions for theft crimes without the trial court making the necessary determinations under MRE 609(a)(2)(B), or otherwise ensuring that the crimes were not barred by MRE 609(c). Defense counsel's failure to object is especially troubling because MRE 609 is a rule of general exclusion, permitting the admission of prior convictions for purposes of attacking credibility under only limited exceptions. If defense counsel was unsure whether defendant had admissible prior convictions, he should have nevertheless been aware of MRE 609 and objected to the prosecutor's questioning to ensure that only admissible prior convictions were placed before the jury.

There was no reasonable trial strategy to account for defense counsel's failure to object. This case was a simple credibility contest—either the jury believed HW, or they believed defendant. None of defendant's DNA was found on HW's clothing, and no one else at the party even saw defendant and HW together. Further, the other witnesses at the party who testified contradicted both defendant's and HW's testimonies in different but important ways, bringing each HW's and defendant's credibility into question. Despite this, defense counsel failed to object to the prosecutor's obvious attempt to attack defendant's credibility by entering into evidence his prior conviction for theft. Again, defense counsel knew or should have known about defendant's prior convictions, and knew or should have known that none were admissible for purposes of attacking defendant's credibility under MRE 609. Accordingly, defense counsel's failure to object to the prosecutor's questioning fell below an objective standard of reasonableness.

This error was compounded during closing arguments. In her initial closing, the prosecutor focused mostly on why the victim was credible and walked through the evidence establishing the elements of the charges against defendant, which was based exclusively on the victim's testimony. In response, defense counsel predictably argued that the victim was not credible and that the jury should believe defendant that he did not rape the victim. In rebuttal, the prosecutor focused on why defendant should not be believed and why the victim should be believed. In so doing, the prosecutor emphasized defendant's more-than-10-year-old prior convictions, and asked the jury to rely on them for the precise reason that MRE 609 forbids—to attack defendant's credibility. The prosecutor stated:

> Recall my question to the Defendant about his criminal history. Now you can't find him guilty just because he has criminal history, but you can use that criminal history to help judge his credibility. I asked him if he's ever been convicted of any crimes involving theft or dishonesty. He said he was convicted of some sort of larceny when he was younger, and he recalls a home invasion conviction.

Once again, defense counsel did not object. This was one of the last points made by the prosecutor during rebuttal, so it was one of the last things that the jury heard before deliberations.

This case turned on whether the jury believed HW or defendant, making defendant's credibility a crucial issue. Under MRE 609(a), prior convictions are *generally inadmissible* to attack a witness's credibility absent certain exceptions. As particularly relevant here, even if defendant's prior convictions were otherwise admissible under MRE 609(a), they were plainly inadmissible under MRE 609(c) because they were more than 10 years old. Defense counsel should have been aware that defendant's prior convictions were not admissible for purposes of attacking defendant's credibility, and it was therefore objectively unreasonable for defense counsel to not object when the prosecutor told the jury that it should consider defendant's more-than-10-year-old convictions to question defendant's credibility in direct contravention of MRE 609.

The next issue is whether defense counsel's deficient performance prejudiced defendant. While a closer question, we have little difficulty concluding that it did. "Where there is relatively little evidence to support a guilty verdict to begin with (e.g., the uncorroborated testimony of a single witness), the magnitude of errors necessary for a finding of prejudice will be less than where there is greater evidence of guilt." *Trakhtenberg*, 493 Mich at 56 (quotation marks, citation, and bracket omitted).

Again, this case was a simple credibility contest between HW and defendant, so the only evidence to support defendant's guilty verdict was the uncorroborated testimony of HW. Due to defense counsel's deficient performance, not only were defendant's prior convictions improperly placed before the jury, but, shortly before deliberations, the prosecutor asked jurors to rely on defendant's improperly-admitted prior convictions when assessing defendant's credibility in direct contravention of MRE 609. Then, as part of the trial court's jury instructions, the court stated:

> You have heard that one witness, [defendant], was convicted of a crime in the past. You should judge this witness's testimony the same way you judge the testimony of any other witness. You may consider his past criminal convictions, along with all the other evidence, when you decide whether you believe his testimony and how important you think it is.

Thus, to summarize, in a case where defendant's defense relied on the jury believing his testimony, jurors were repeatedly told about defendant's prior convictions and then *instructed* that they could use those convictions when assessing defendant's credibility, even though MRE 609 expressly precluded such consideration. It is well-established that jurors are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). This, combined with the inherent danger of juries considering prior convictions, see, e.g., *People v Allen*, 429 Mich 558, 569; 420 NW2d 499 (1988) ("The danger then is that a jury will misuse prior conviction evidence

by focusing on the defendant's general bad character, rather than solely on his character for truthtelling."), and the fact that "there [was] relatively little evidence to support a guilty verdict to begin with," *Trakhtenberg*, 493 Mich at 56, leaves us with no choice but to conclude that the reliability of defendant's convictions has been called into question. Accordingly, we hold that defense counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of defendant's trial would have been different. See *id*. at 51.

On appeal, the prosecution argues that defense counsel's performance did not prejudice defendant[1] because reference to defendant's prior convictions was "fleeting" and the jury would have found defendant to be not credible even if his prior convictions had not been referenced. As to the prosecution's contention that reference to defendant's prior convictions was "fleeting," we must disagree. Defendant's testimony was short, lasting only 14 pages of transcript. Of those 14 pages, the prosecution's questioning of defendant about his prior convictions lasted more than half a page. Moreover, the trial itself lasted little more than one day, with the second day consisting of only closing arguments, instructions, and jury deliberations. In this short trial, defendant's prior convictions were mentioned three times—when the prosecutor elicited the evidence, when the prosecutor emphasized defendant's criminal history during closing, and when the trial court instructed the jury. On such a record, we cannot agree that reference to defendant's prior convictions was "fleeting."

More importantly, we disagree that the jury would likely have found defendant's testimony not credible regardless of the improper admission of defendant's prior convictions. In support of this argument, the prosecution contends that defendant contradicted himself about whether he knew HW, relying on the following exchanges with defense counsel during direct examination:

> *Q*. All right. Prior to this day, had you ever encountered [HW]?
>
> *A*. No, I haven't.
>
> *Q*. Would you—except that encounter and being here in Court, would you know her to see her?
>
> *A*. No, I would've never even known her until that day from the preliminary exam.
>
> *Q*. Okay. Now when you went to this party . . .
>
> * * *
>
> *Q*. Anyway, so at the party, do you recall meeting [HW]? Do you—

---

[1] The prosecution does not contest that the performance of defendant's trial counsel was objectively unreasonable in respect to counsel's failure to object to the improper admission of defendant's prior convictions.

*A.* I mean, I remember makin' fun of her and her friend.

*Q.* Okay, now by her friend, do you mean [JN]?

*A.* I don't even know what his name was, he was only—he was the only colored person there.

*Q.* Was he present that night?

*A.* He was present there at the—they was actually sittin' where she was sayin' we was sittin' around the thing, they was sittin' right there and she was sittin' on his lap.

First, we disagree with the prosecution that these statements are necessarily inconsistent. It is unclear to which day defense counsel is referring in his first question, but it is reasonable to infer that defense counsel was asking about the day of the party. If that is the case, then defendant's answer would mean that he had not encountered HW before the night of the party. While his later statement that he "would've never even known" HW before the preliminary exam could be interpreted as contradicting his later statement that he remembered insulting HW at the party, we do not believe it is necessarily contradictory. Colloquially, "knowing" someone is not equivalent to having seen that person before. Defendant was an unpolished speaker, and it is not unreasonable to assume that defendant was speaking in this way—he may have seen HW at the party, but he did not "know" her in that he could not put a name to the face until the preliminary examination. While the prosecution's argument that defendant contradicted himself in these statements is plausible, there is a reasonable alternative interpretation in which defendant does not contradict himself.

Second, even if we agreed with the prosecution that defendant undeniably contradicted himself, we would nevertheless conclude that defendant was prejudiced by his counsel's deficient performance. The issue is whether the improper admission of defendant's prior convictions, which the jury not only heard about but was instructed to consider when assessing defendant's credibility, affected the outcome of the proceedings. Assuming that defendant contradicted himself at one point during his testimony, we are nevertheless convinced that the jury's decision—which came down to its assessment of defendant's credibility—was affected by hearing and being encouraged to consider impermissible attacks on defendant's credibility.

The prosecution further argues that defendant was not credible because he said that HW's boyfriend, JN, was at the party, while both EM and HW testified that JN was not at the party. We first note that defendant's friend testified that he thought JN may have been at the party. Even ignoring this corroborating testimony, however, we do not see how conflicting testimony is a reason to conclude that the jury necessarily found defendant not credible regardless of the improper admission of his previous convictions. While the jury could have credited EM and HW on the issue of whether JN was at the party, the jury could also have credited defendant. We simply have no way of making that determination, and we fail to see how this conflicting testimony is a basis to conclude that defendant was not prejudiced by the improper admission of his prior convictions.

Ultimately, nothing about defendant's testimony convinces us that the jury would have necessarily disbelieved him such that we can ignore the improper admission of his prior convictions, as the prosecution urges on appeal. The alleged inconsistencies that the prosecution

relies upon in support of its argument are considerations that the jury could have deliberated about when evaluating defendant's credibility, but they do not necessitate a conclusion that the jury would have found defendant not credible regardless of the improper admission of his prior convictions.

On the record as a whole, we are convinced that defense counsel's failure to object to the improperly admitted evidence of defendant's prior convictions, as well as counsel's failure to object to the prosecution's emphasis of that improperly admitted evidence during closing arguments, prejudiced defendant. In other words, we believe that but for defense counsel's failure to object to both the admission of defendant's prior convictions and the prosecutor's emphasis of those convictions to question defendant's credibility during closing, a different result would have been reasonably probable. Accordingly, defendant is entitled to a new trial.

Defendant's convictions are vacated, and the case is remanded to the trial court for a new trial. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Colleen A. O'Brien
/s/ Sima G. Patel